FILED
JAMES BONINI
CLERK

2005 JAN -4  P 4: 25

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**Sherry Kirk**  :
2707 Swans Rd.
Newark, Ohio 43055

**Paul Kirk**  :
2707 Swans Rd.
Newark, Ohio 43055

VS.  :

**Detective Mark Brill**         Case # C2-04-1217
155 E. Main Street
Newark, Ohio 43055   :    **Judge Watson**

**Deputy Jeremy Anker**          **Magistrate Abel**
155 E. Main Street
Newark, Ohio 43055   :

**Detective Douglas Bline**
40 Main Street       :
Newark, Ohio 43055

**Patrolman Pritt**   :
40 Main Street
Newark, Ohio 43055

**John Does 1, 2, & 3**   :

**Central Ohio Drug Enforcement
Task Force**
155 E. Main Street   :
Newark, Ohio 43055

**Licking County**   :
 c/o County Commissioners
County Administration Bldg.
20 S. Second Street   :
Newark, Ohio 43055

**City of Newark**                              :
 c/o Public Safety Director
**20 S. Second Street**
**Newark, Ohio 43055**                          :

**Entity #1**                                   :

## AMENDED COMPLAINT

1. The Plaintiffs are Sherry Kirk and Paul Kirk, herein referred to jointly, severally and individually as Defendants.

2. The Defendants are Detective Mike Brill, Deputy Jeremy Anker, Detective Douglas Bline, Patrolman Pritt, John Does 1, 2 & 3, Licking County, Central Ohio Drug Enforcement Task Force, City of Newark and Entity # 1, herein referred to jointly, severally and individually as Defendants.

3. At all times relevant, Defendants, Detective Mark Brill, Deputy Jeremy Anker, Detective Doug Bline and Patrolman Pritt and John Does #1, 2 & 3 were employees, agents and servants of the Defendants, Licking County and/or the City of Newark and/or Central Ohio Drug Enforcement Task Force and/or Entity #1. Working under the direction, control, supervision and in the name of Licking County, the City of Newark, Central Ohio Drug Enforcement Task Force and Entity #1.

4. Defendants Mark Brill, Jeremy Anker, Douglas Bline, Patrolman Pritt and John Does 1, 2 & 3 are being sued in both their personal and individual capacities, as well as their professional capacities.

5. On or about December 23, 2003, the Defendant's upon information and belief were allegedly doing a stakeout of a narcotics suspect and/or informant who in the words of one Defendant had gone bad.

6. Upon information and belief the Defendants did not check the address of or the vehicular registration of the narcotic suspect/informant and/or his friends and instead were erroneously staking out the Plaintiffs.

7. Plaintiff, Sherry Kirk is and at the time was and employee of the Licking County Sheriff's office.

8. Plaintiff, Paul Kirk at all times relevant was employed in the construction business and was deaf.

9. On the date and time in question, December 23, 2003, Plaintiff's Paul and Sherry Kirk

left their residence at 2707 Swans Rd., Newark, Ohio in their vehicle with their daughter, Stephanie Farley, who suffers from mental/learning disabilities to take her to her father for Christmas.

10. The Defendants upon information and belief were investigating their own confidential informant who they believed had "gone bad" and was using drugs.

11. The Defendants, while still on their stake out, followed the Plaintiff's motor vehicle until it came to a location on north 11th Street, in Newark, Ohio where the Defendants without reasonable suspicion, probable cause and without warrant, forced the Plaintiffs to pull over their vehicle.

12. The Defendants with guns drawn then ordered the Plaintiff's and their daughter from their motor vehicle all the while making threatening gestures, statements and using swear words.

13. Plaintiff, Paul Kirk who is deaf, upon exiting the vehicle, was ordered at gunpoint to lie on the ground in the pouring rain and was roughed up and/or assaulted and/or menaced by the Defendants. During this encounter Mr. Kirk's hearing aids were broken, so he could not hear or understand what was occurring.

14. Plaintiff Sherry Kirk stayed in the vehicle longer than Plaintiff Paul Kirk in an attempt to keep their daughter, who because of her disability was prone to overreacting, calm. Ms. Kirk was afraid that if her daughter acted hysterically she would be shot by the bust hungry, out of control, Defendants.

15. When Plaintiff, Sherry Kirk exited the vehicle with her hands up, she was recognized by one of the Defendants who thereafter alerted the other police officers to the fact that they had assaulted, menaced, frightened and bullied the wrong people.

16. The Defendants hoping to legitimize their acts refer to their illegal, ridiculous behavior as a "Felony Traffic Stop."

17. The Plaintiffs were seized by the Defendants without reasonable suspicion or probable cause.

18. The Plaintiffs were forced off the road and out of their car by the Defendants and held at gunpoint.

19. The Defendants deprived the Plaintiffs of their freedom of movement and liberty.

20. The actions were done pursuant to the policies and/or customs of the Defendants which include failure to properly train, supervise and discipline police officers and/or Drug operatives and investigate civilian complaints of police misconduct.

21. The actions of the Defendants were pursuant to the policies, procedures and customs of the Defendants which include allowing an unsupervised gang of police officers and Deputy Sheriffs who call themselves C.O.D.E. (Central Ohio Drug Enforcement) to act outside the scope of the laws of Ohio and the United States, as well as the Constitutions of Ohio and the United States. The Central Ohio Drug Enforcement's bad acts include terrorizing the citizens of Licking County, committing false arrests, menacing citizens, employing uncontrolled drug using liars as operatives to do their bidding, threatening citizens with deadly weapons and making false allegations against citizens.

22. The actions herein were committed pursuant to the customs and policies of the Defendants which include ratification of the bad acts of the City and County employees and City Police Officers and County Deputy Sheriffs in an effort to avoid responsibility and liability for said bad acts, and pursuing a policy of believing that police officers can mentally and physically abuse the citizens they work for without being held accountable.

23. The Defendants aforesaid actions were taken under color of state law.

24. The Defendants knew or should have known that by failing to properly supervise, discipline, train and control its rogue police officers and drug operatives they would cause citizens, as well as the plaintiffs harm.

25. The Defendants knew or should have known that the Plaintiffs were not drug operatives or car thieves gone wild, yet they acted deliberately indifferent to the issue by acting like a wild west posse and terrorizing the Plaintiffs.

26. The Defendants had no probable cause or reasonable suspicion to arrest the Plaintiffs, yet did so anyway.

27. The Defendants, despite the vivid clarity that they were wrong and caused the Plaintiffs harm, arrogantly refused to apologize for their actions and make the Plaintiffs whole.

28. The acts of the Defendants were knowing, purposeful, malicious, willful, wanton, reckless and negligent.

29. Said behavior of the Defendants was intentional, knowing, purposeful, malicious and/or reckless and negligent and constitute assault, aggravated, menacing, felonious assault, false arrest, false imprisonment, kidnaping and abduction.

30. The Defendants aforesaid actions have deprived Plaintiffs of their Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment Rights pursuant to the United States Constitution and have caused the Plaintiffs injury, mental anguish, embarrassment and emotional distress.

31. Said behavior by all the Defendants violates the Constitution of the State of Ohio, Article 1, §1, §2, §8, §9, §10, §14 and §16.

32. Said behavior by all Defendants constitutes interfering with Civil Rights in violation of Ohio Revised Code §2931.45.

33. The aforementioned behavior of the Defendants is in violation of 42 U.S. Code 1983, 42 U.S. Code 1985 and 42 U.S. Code 1988.

34. The Defendants actions exceeded the bounds of decency.

35. The actions by the Defendants were extreme and outrageous and are considered utterly intolerable in a civilized society, and such action has caused severe emotional distress, embarrassment, humiliation, mental anguish and fear.

36. The Defendants knew or should have known that their actions would cause the Plaintiff to suffer humiliation, aggravation, nervousness, fear, fright, embarrassment, mental anguish, anxiety and emotional distress.

37. As a direct and proximate result of the Defendants actions, the Plaintiff has been anxious, nervous, afraid, humiliated, embarrassed and suffered loss of reputation, and loss of enjoyment of life, emotional distress and mental anguish.

38. Such conduct by the Defendants constitute torts of intentional infliction of emotional distress and negligent infliction of emotional distress.

39. As a direct and proximate result of all of the Defendants actions, the Plaintiffs have suffered injury and damage and will continue to suffer injury and damage.

WHEREFORE, the Plaintiffs each demands from the Defendants compensatory damages in an amount in excess of $50,000.00, exemplary damages in an amount in excess of $50,000.00, punitive damages in an amount in excess of $50,000.00, attorney's fees, costs and any other relief to which the Plaintiffs are entitled in law and equity.

Respectfully submitted,

W. Jeffrey Moore, Esq. (0023429)
Moore & Yaklevich
326 S. High Street, Suite 300
Columbus, Ohio 43215
(614) 222-0509 *phone*
(614) 241-5909 *facsimile*
Counsel for Plaintiff