IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHERRY KIRK, ET AL.,

   PLAINTIFFS                              CASE NO. C2-04-1217

VS.                                           JUDGE M. WATSON

DETECTIVE MARC BRILL ET AL.,      MAGISTRATE JUDGE ABEL

   DEFENDANTS

**ANSWER OF DEFENDANTS BRILL, ANKER,
CENTRAL OHIO DRUG ENFORCEMENT TASK FORCE,
AND LICKING COUNTY, OHIO**

Now comes Defendant Marc Brill, in both his individual and official capacity, Defendant Jeremy Anker, in both his individual and official capacity, Defendant Central Ohio Drug Enforcement Task Force, ( C.O.D.E. ),  and Defendant Licking County, Ohio, in Answer to Plaintiff's Amended Complaint, and state as follows:

**FIRST DEFENSE:**

    1.    As to the allegations set forth in paragraph one (1), of the Amended Complaint, these Defendants admit that the Plaintiffs are Paul and Sherry Kirk.  These Defendants deny that it is proper or appropriate to refer to the Plaintiffs as Defendants as set forth in paragraph one, (1).

    2.    As to the allegations set forth in paragraphs two through four, (2-4), of the Amended Complaint, these Defendants are without information concerning the identity, capacity or activities of John Does 1,2 and 3 or Entity No. 1 and deny any relationship to

and/or relevant shared activity with these Defendants. These answering Defendants admit the allegations set forth in paragraphs two through four, (2-4), only as to themselves other than assertions as to "Mark" and/or "Mike" Brill whose identity is unknown. The allegations are admitted as to "Marc" Brill. These Defendants otherwise deny the allegations of these paragraphs.

3. As to the allegations set forth in paragraph five, (5), and ten, (10), of the Amended Complaint, these Defendants admit only that on or about December 23, 2003, they were properly and appropriately pursuing their duties within the Central Ohio Drug Enforcement Task Force, ( C.O.D.E. ), including investigations and surveillance of an informant.

4. These Defendants deny the allegations set forth in paragraphs six, (6), eleven through thirteen, (11-13), sixteen through twenty two, (16-22), and twenty-four through thirty-nine, (24-39), of the Amended Complaint.

5. These Defendants admit the allegations set forth in paragraphs seven, (7), of the Amended Complaint.

6. As to the allegations set forth in paragraph eight, (8), of the Amended Complaint, these Defendants are without information sufficient to respond to the assertions regarding Paul Kirk's employment and are not qualified to respond to assertions regarding his medical status or disabilities. The allegations of paragraph eight, (8), are denied for these reasons.

7. These Defendants admit the allegations set forth in paragraph nine, (9), of the Amended Complaint relative to the activities of Plaintiffs and their daughter. These Defendants' are not qualified to respond to assertions regarding Stephanie Farley's

medical and/or mental status and/or disabilities and deny that portion of the allegations of paragraph nine, (9).

8. As to the allegations set forth in paragraph fourteen, (14), of the Amended Complaint, these Defendants admit only that Plaintiff Sherry Kirk remained in the vehicle for a time after her husband exited the vehicle and was the second person to exit the vehicle. The Defendants otherwise deny the allegations of paragraph fourteen, (14).

9. As to the allegations set forth in paragraph fifteen, (15), of the Amended Complaint, these Defendants admit only that when Sherry Kirk exited the vehicle she was recognized by Defendant Brill who then terminated the stop. These Defendants otherwise deny the allegations of paragraph fifteen, (15).

10. As to the allegations of paragraph twenty three, (23), of the Amended Complaint, these Defendants admit that all actions taken by them were taken under color of law according to and in furtherance of their duties and responsibilities.

11. These Defendants deny each and every allegation of the Amended Complaint not expressly admitted as true, herein.

**SECOND DEFENSE:**

12. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE:**

13. Defendants Brill and Anker are entitled to the protections of qualified immunity as to those claims asserted against them individually.

3

**FOURTH DEFENSE:**

14. The Complaint fails to set forth any policy, practice, custom or act that is, as developed and implemented, unconstitutional or has constitutional inadequacy as applied.

**FIFTH DEFENSE:**

15. One or more of these answering Defendants is entitled to statutory immunity.

**SIXTH DEFENSE:**

16. All actions taken by these Defendants were pursued in good faith and were based upon reasonable suspicion and probable cause.

**SEVENTH DEFENSE:**

17. The actions of Defendants were conducted within established parameters of reasonableness under established laws.

**EIGHTH DEFENSE:**

18. There has been an insufficiency of service of process as to one or more of the Defendants to this matter including lack of personal service as to named individual defendants, misidentification of named Defendants and misidentification of Defendants in requests for waivers of service.

**NINTH DEFENSE:**

19. This Court is without jurisdiction as to one or more of the claims asserted by Plaintiffs and/or one or more of the Defendants to this matter.

**TENTH DEFENSE:**

20. This action is barred in whole or in part by virtue of the immunities afforded under the 11th Amendment.

**ELEVENTH DEFENSE:**

21. One or more of these answering Defendants is not subject to an award of punitive damages.

**WHEREFORE,** having fully answered, Defendants request that this matter be dismissed and that they recover their costs expended herein including reasonable attorney fees.

                                        Respectfully submitted,

                                        /s/ Rufus B. Hurst
                                        Rufus B. Hurst (0038479)
                                        **DOWNES, HURST & FISHEL**
                                        400 S. Fifth Street, Suite 200
                                        Columbus, OH  43215
                                        (614) 221-1216
                                        (614) 221-8769 - Fax
                                        ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Answer of Defendants** was mailed by regular U.S. mail, postage prepaid, to Attorney for Plaintiff, Wm. Jeffrey Moore, Moore, Yaklevich & Mauger, 326 S. High Street, Ste. 300, Columbus, OH 43215-4570, this _____ day of January, 2005.

          /s/  Rufus B. Hurst_____
          Rufus B. Hurst (0038479)
          ATTORNEY FOR DEFENDANTS

ASC\Brill\1-05 Brill Answer of Defendant