IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHERRY KIRK, *et al.*, | : | CASE NO. C2-04-1217 |
| Plaintiffs, | : | |
| v. | : | JUDGE WATSON |
| | : | MAGISTRATE JUDGE ABEL |
| DETECTIVE MARC BRILL *et al.*, | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS
DOUGLAS BLINE, JEFF PRITT, AND
THE CITY OF NEWARK
TO THE AMENDED COMPLAINT**

**WITH**

**JURY DEMAND ENDORSED HEREON**

Now Come Defendants Douglas Bline, Jeff Pritt, and the City of Newark (hereinafter "Defendants"), by and through counsel, and for their answer to the amended complaint, state and aver as follows:

**FIRST DEFENSE**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the amended complaint.

2. Defendants admit the amended complaint identifies Mike Brill, Jeremy Anker, Douglas Bline, Patrolman Pritt, Central Ohio Drug Enforcement Task Force, and City of Newark as defendants.

3. Defendants admit Douglas Bline and Jeff Pritt were City of Newark employees on December 23, 2003. Defendants are without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations and characterizations contained in paragraph 3 of the amended complaint.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the amended complaint.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the amended complaint.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the amended complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the amended complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the amended complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the amended complaint.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the amended complaint.

11. Defendants admit Patrolman Jeff Pritt initiated a lawful felony traffic stop on Plaintiffs. Defendants deny the remaining allegations contained in paragraph 11 of the amended complaint.

12. Defendants deny the allegations contained in paragraph 12 of the amended complaint.

13. Defendants deny the allegations contained in paragraph 13 of the amended complaint.

14. Defendants admit plaintiff Sherry Kirk remained in the vehicle longer than plaintiff Paul Kirk. Defendants deny the remaining allegations and characterizations contained in paragraph 14 of the amended complaint.

15. Defendants admit plaintiff Sherry Kirk was recognized by Marc Brill once she exited the vehicle. Defendants deny the remaining allegations and characterizations contained in paragraph 15 of the amended complaint.

16. Defendants deny the allegations and characterizations contained in paragraph 16 of the amended complaint.

17. Defendants deny the allegations contained in paragraph 17 of the amended complaint.

18. Defendants deny the allegations contained in paragraph 18 of the amended complaint.

19. Defendants deny the allegations contained in paragraph 19 of the amended complaint.

20. Defendants deny the allegations contained in paragraph 20 of the amended complaint.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the amended complaint.

22. Defendants deny the allegations contained in paragraph 22 of the amended complaint.

23. Defendants admit their actions were taken under the color of law.

24. Defendants deny the allegations and characterizations contained in paragraph 24 of the amended complaint.

25. Defendants deny the allegations and characterizations contained in paragraph 25 of the amended complaint.

26. Defendants deny the allegations contained in paragraph 26 of the amended complaint.

27. Defendants deny the allegations contained in paragraph 27 of the amended complaint.

28. Defendants deny the allegations contained in paragraph 28 of the amended complaint.

29. Defendants deny the allegations contained in paragraph 29 of the amended complaint.

30. Defendants deny the allegations contained in paragraph 30 of the amended complaint.

31. Defendants deny the allegations contained in paragraph 31 of the amended complaint.

32. Defendants deny the allegations contained in paragraph 32 of the amended complaint.

33. Defendants deny the allegations contained in paragraph 33 of the amended complaint.

34. Defendants deny the allegations contained in paragraph 34 of the amended complaint.

35. Defendants deny the allegations contained in paragraph 35 of the amended complaint.

36. Defendants deny the allegations contained in paragraph 36 of the amended complaint.

37. Defendants deny the allegations contained in paragraph 37 of the amended complaint.

38. Defendants deny the allegations contained in paragraph 38 of the amended complaint.

39. Defendants deny the allegations contained in paragraph 39 of the amended complaint.

40. Defendants deny all allegations and characterizations contained in Plaintiffs' amended complaint not specifically admitted in this answer.

## SECOND DEFENSE

41. Plaintiffs' amended complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

42. At all times relevant, Defendants acted in a reasonable good faith manner, and not in contravention with any clearly established federal or state right.

## FOURTH DEFENSE

43. Defendants are protected by absolute and qualified immunity.

## FIFTH DEFENSE

44. Defendants are entitled to all applicable immunities, defenses, and limitations on liabilities which are set forth in Chapter 2744 of the Ohio Revised Code.

## SIXTH DEFENSE

45. Plaintiffs' claims against defendant City of Newark are barred by the doctrine of *respondeat superior* and the principles set forth in *Monell v. New York City Dept. of Social Services*, 436 U.S., 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

## SEVENTH DEFENSE

46 Plaintiffs' amended complaint fails to state the deprivation of a constitutional right.

## EIGHTH DEFENSE

47. Plaintiffs do not have standing, or otherwise do not have the capacity, to prosecute a claim pursuant to Ohio Rev. Code § 2921.45 (the criminal statute titled *Interference with Civil Rights*).

## NINTH DEFENSE

48. Plaintiffs' claims contained in paragraph 13 of the amended complaint asserting plaintiff Paul Kirk was "ordered at gunpoint to lie on the ground in the pouring rain and was roughed up and/or assaulted and/or menaced" is not true. Likewise,

{H0522180.1}

6

Plaintiffs' claim contained in paragraph 26 of the amended complaint asserting they were arrested is false. These false statements serve no purpose other than to harass and maliciously injure Defendants. As such, Plaintiffs' assertions constitute frivolous conduct under Ohio Rev. Code § 2323.51; could be actionable under Civil Rule 11; and will serve to support a claim for attorney fees by Defendants, as the prevailing party under 42 U.S.C. § 1988.

### ELEVENTH DEFENSE

49. Defendant Douglas Bline was not even present when Plaintiffs' vehicle was lawfully stopped. He had no meaningful role in the events described in the Complaint.

### TWELFTH DEFENSE

50. Defendants reserve the right to assert such other affirmative defenses as may be shown applicable through discovery or further investigation.

WHEREFORE, defendants Douglas Bline, Jeff Pritt, and the City of Newark respectfully request this Court dismiss Plaintiffs' claims against them with prejudice as frivolous, award Defendants reasonable attorney fees, assess costs to Plaintiffs, and order any other relief deemed necessary and proper by this Court.

Respectfully submitted,

*[signature]*

Brian M. Zets (0066544)
SCHOTTENSTEIN, ZOX & DUNN
A Legal Professional Association
250 West Street
P.O. Box 165020
Columbus, Ohio  43216
(614) 462-2700
*Trial Attorney for Defendants*

Of Counsel:

Stephen J. Smith (0001344)
SCHOTTENSTEIN, ZOX & DUNN
250 West Street
P.O. Box 165020
Columbus, Ohio  43216
(614) 462-2700

## JURY DEMAND

Defendants Douglas Bline, Jeff Pritt, and the City of Newark hereby each individually request a jury trial on all issues so triable.

*[signature]*

Brian M. Zets

{H0522180.1 }                               8

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March 2005, I electronically filed a copy of the foregoing *Answer of Defendants Douglas Bline, Jeff Pritt, and the City of Newark with Jury Demand Endorsed Hereon* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. Parties may access this filing through the Court's system.

Brian M. Zets